FILED
IN OPEN COURT

SEP 28 2018

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-300 (TSE) |
| | ) | |
| DAMASO LOPEZ NUNEZ | ) | |

## STATEMENT OF FACTS

The Defendant, Damaso Lopez Nunez, stipulates and agrees that the following facts are true and accurate. The Defendant acknowledges that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. Beginning in or about at least 2001, and continuing until on or about May 2, 2017, in Mexico and elsewhere, the Defendant was part of a conspiracy, the object of which was to distribute five kilograms or more of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960(b)(1)(B)(ii), and 963.

2. Specifically, between 2001 until his May 2017 arrest by Mexican authorities, the Defendant, along with his son, Damaso Lopez Serrano, rose to become a senior leader of a significant faction of the Sinaloa Cartel. Under the Defendant's leadership, this faction's activities were critical to the success of the expansive criminal objectives of the Sinaloa Cartel and were responsible for the distribution of tonnage quantities of narcotics, including cocaine, methamphetamine, heroin, and marijuana for illegal importation into the United States. The Defendant's faction consisted of hundreds of men who ultimately reported to the Defendant.

3. The Defendant and the Sinaloa Cartel obtained tonnage quantities of cocaine from Central and South American suppliers. The Defendant oversaw the financing of these massive cocaine shipments, which were transported to Mexico via air, land, and sea. Once the cocaine reached Mexico, the Defendant and other Sinaloa Cartel members arranged for its transportation to key points in Mexico, including Culiacan, Sinaloa, Mexico. The Defendant controlled various cities and regions within Mexico for the Sinaloa Cartel. Culiacan was the central hub through which the Defendant and the Sinaloa Cartel distributed tonnage quantities of drugs intended for importation into the United States. This was also the central point for the collection of billions of dollars in drug trafficking proceeds from the United States.

4. The Sinaloa Cartel and, specifically, members of the Defendant's faction of the Cartel, also employed "sicarios," or hitmen, who carried out numerous of acts of violence, including murders, kidnappings, tortures, and the forceful collections of drug debts, at the Defendant's direction and the direction of other senior members of the organization. The Defendant and other members of the Sinaloa Cartel under his direction were also responsible for coordinating and making bribery payments to corrupt public officials to further a number of the Sinaloa Cartel's illicit aims and activities. These bribes funded activities that included, but were not limited to, securing the uninhibited passage of narcotics throughout Mexico, securing the release of, or creating impediments to, the extradition of incarcerated associates, the installation of governmental appointees sympathetic to the Sinaloa Cartel in governmental positions vital to the Cartel's interests, among others.

5. As part of his entry into drug trafficking and while working as a senior government official in Mexico's Puente Grande prison, the Defendant directly facilitated the illicit communications of Joaquin Guzman-Loera, the principal leader of the Sinaloa Cartel, while Guzman was incarcerated at the facility. Following Guzman's escape from prison in 2001, the Defendant begin working for the Sinaloa Cartel. The defendant eventually became a senior leader within the Cartel, working closely with Guzman.

6. During and in furtherance of the conspiracy, the Defendant and other conspirators utilized submarines, airplanes, and other methods of transportation to move cocaine from South America to Mexico and ultimately into the United States. During the Defendant's involvement in the conspiracy, law enforcement in several different countries seized tonnage quantities of cocaine belonging to the Sinaloa Cartel.

7. The Defendant was aware that the cocaine and other drugs acquired, transported, stored, and distributed by members of his faction and the larger Sinaloa Cartel were intended for illegal importation into the United States for further distribution.

8. The total amount of cocaine involved in this conspiracy for which the Defendant is directly accountable is far in excess of four hundred and fifty (450) kilograms. The Defendant coordinated the acquisition, transportation, storage, and subsequent distribution of numerous multi-tonnage quantities of cocaine from 2001 to 2017.

9. The Defendant agrees that his participation in the charged conspiracy and in the acts described above was, in all respects, knowing, intentional, and willful, reflecting an intention and deliberation to do something the law forbids, and were not in any way the product of any accident, mistake of law or fact, duress, entrapment, or reliance on public authority.

10. The Defendant is pleading guilty because the Defendant is, in fact, guilty of the charged offense.

11. The Defendant agrees venue and jurisdiction lie with this Court pursuant to 18 U.S.C. § 3238.

12. This Statement of Facts does not purport to include all of the Defendant's illegal conduct during the course of the charged offense, nor is this Statement of Facts intended to represent all of the Defendant's relevant conduct for sentencing purposes. The Defendant acknowledges that there are additional details about his involvement in the drug trafficking conspiracy charged in this case that are not included in the Statement of Facts. The Statement of Facts includes information sufficient for the Court to determine that there is an adequate factual and legal basis for accepting the Defendant's guilty plea to the charged offense. The Defendant agrees that the Statement of Facts satisfies each of the essential elements of the charged offense.

Respectfully submitted,

Arthur G. Wyatt
Chief, Narcotic & Dangerous Drug Section
Criminal Division
United States Department of Justice

By: _____
Amanda N. Liskamm
Deputy Chief for Litigation
Narcotic and Dangerous Drug Section

G. Zachary Terwilliger
United States Attorney
Eastern District of Virginia

By: _____
James L. Trump
Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have reviewed the foregoing Statement of Facts with the assistance of a qualified English-Spanish interpreter, and I have discussed it at length with my attorney, Manny Retureta, Esq. This Statement of Facts has been translated into Spanish for me. I understand that the English version controls. I fully understand this Statement of Facts and agree to it without reservation. I further agree that all statements made in this Statement of Facts can be used against me should I elect not to enter a plea of guilty in this case or attempt to withdraw my guilty plea. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand fully this Statement of Facts.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in the accompanying Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Statement of Facts and Plea Agreement and matters related to it.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 United States Code Section 1746.

_____     9-28-18
DAMASO LOPEZ NUNEZ                   Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I am fluent in oral and written Spanish. I have carefully reviewed every part of the Statement of Facts with the Defendant in Spanish. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____     9.28.18
Manuel Retureta, Esq.                Date
Attorney for Defendant

5