IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:16-CR-300 (TSE) |
| | ) | |
| DAMASO LOPEZ NUNEZ, | ) | |
| | ) | |
| Defendant. | ) | |

FILED IN OPEN COURT
NOV 30 2018
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**CONSENT ORDER OF FORFEITURE**

WHEREAS, on September 28, 2018, the defendant, Damaso Lopez Nunez, pleaded guilty to Count One of the indictment charging the defendant with conspiracy to distribute five kilograms or more of cocaine, intending and knowing that such substance will be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960, and 963, and agreed to the entry of a forfeiture money judgment in the amount of the proceeds;

WHEREAS, the defendant obtained at least $25 million (U.S. currency) during his participation in the conspiracy to distribute cocaine, an amount for which he shall be solely liable;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2 (b)(4) and 43(a) with respect to notice in the indictment that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States of America shall have a forfeiture money judgment, pursuant to Fed. R. Crim. P. 32.2(b)(1) and 21 U.S.C. § 853, against the defendant, Damaso Lopez Nunez, for $25 million (U.S. currency), an amount that represents illegal proceeds the defendant obtained from participation in the conspiracy to distribute cocaine knowing that it would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960, and 963, and an amount for which the defendant shall be solely liable.

2. The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and pursuant to Fed. R. Civil P. 45, the issuance of subpoenas.

4. The Attorney General, Secretary of Homeland Security, Secretary or the Treasury, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

5. Because the forfeiture consists of a money judgment, no ancillary proceeding is necessary as directed by Fed. R. Crim. P. 32.2(c)(1).

Entered in Alexandria, Virginia, this _____ day of November, 2018.

_____
T. S. Ellis, III
United States District Judge

The Honorable T.S. Ellis, III
United States District Judge

WE ASK FOR THIS:

Arthur G. Wyatt
Chief, Narcotic & Dangerous Drug Section
Criminal Division
United States Department of Justice

_____
Damaso Lopez Nunez
Defendant

Amanda N. Liskamm
Deputy Chief for Litigation
Narcotic and Dangerous Drug Section

_____
Manuel J. Retureta
Attorney for Damaso Lopez Nunez

G. Zachary Terwilliger
United States Attorney
Eastern District of Virginia

_____
James L. Trump
Assistant United States Attorney

3