# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
## Alexandria Division

UNITED STATES OF AMERICA
v.

**DAMASO LOPEZ NUNEZ**
a/k/a "El Licenciado" and "Lic"

Defendant

Case Number: 1:16-CR-00300-TSE-1

USM Number: 92429-083
Defendant's Attorney: Matthew Wartel, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Indictment.

Accordingly, the defendant is adjudicated guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 21 U.S.C. §§ 963 | Conspiracy to Distribute Five Kilograms or More of Cocaine (Sch. II) Intending and Knowing it will be Unlawfully Imported into the United States | Felony | 12/4/2016 | 1 |

As pronounced on November 30, 2018, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 30th day of November, 2018.

/s/
T. S. Ellis, III
United States District Judge

Sheet 2 - Imprisonment

Case 1:16-cr-00300-TSE   Document 44   Filed 11/30/18   Page 2 of 10 PageID# 148

Page 2 of 6

**Defendant's Name:** NUNEZ, DAMASO LOPEZ
**Case Number:** 1:16-CR-00300-TSE-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of LIFE.

The Court makes the following recommendations to the Bureau of Prisons:
    The Court recommends that the defendant be designated to a Southwest Regional facility, if appropriate and available

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

                                                    UNITED STATES MARSHAL

            By _____
                                                    DEPUTY UNITED STATES MARSHAL

Defendant's Name: **NUNEZ, DAMASO LOPEZ**
Case Number: **1:16-CR-00300-TSE-1**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISED RELEASE

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Defendant's Name: | NUNEZ, DAMASO LOPEZ |
| Case Number: | 1:16-CR-00300-TSE-1 |

# SPECIAL CONDITIONS OF SUPERVISION

While on Supervised Release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant is to be surrendered to a duly-authorized immigration official of the Department of Homeland Security United States Immigration and Customs Enforcement for a deportation review in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. 1101 et seq. As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States.

Should the defendant be allowed to remain in the United States, the following additional conditions of supervision are imposed:

2) The defendant shall provide the probation officer access to any requested financial information entry will be a violation of supervised release, as well as a violation of law.

3) The defendant shall have no contact, by any means, with any known member or associate of any criminal organization, including, but not limited to, the Sinaloa Cartel.

**Defendant's Name:** NUNEZ, DAMASO LOPEZ
**Case Number:** 1:16-CR-00300-TSE-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
|  | 1 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** |  | **$100.00** | **$0.00** | **$0.00** |

# FINES

No fines have been imposed in this case.

**Defendant's Name:** NUNEZ, DAMASO LOPEZ
**Case Number:** 1:16-CR-00300-TSE-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

The defendant shall forfeit the defendant's interest in the following property to the United States:
   SEE Consent Order of Forfeiture entered by the Court on November 30, 2018.


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

| | |
|---|---|
| **Defendant's Name:** | **NUNEZ, DAMASO LOPEZ** |
| **Case Number:** | **1:16-CR-00300-TSE-1** |

# STATEMENT OF REASONS[1]

## I  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A. ☒ The court adopts the presentence investigation report without change.

B. ☐ The court adopts the presentence investigation report with the following changes.
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use page 4 if necessary.)

   1. ☐ Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level or specific offense characteristics):

   2. ☐ Chapter Three of the U.S.S.G. Manual adjustment determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   3. ☐ Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

   4. ☐ Additional Comments or Findings (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions. Specify court comments or findings, including paragraphs in the presentence report.)

C. ☐ The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P.32.

## II  COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A. ☐ No count of conviction carries a mandatory minimum sentence.

B. ☒ Mandatory minimum sentence imposed.

C. ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

   ☐ findings of fact in this case

   ☐ substantial assistance (18 U.S.C. § 3553(e))

   ☐ the statutory safety valve (18 U.S.C. § 3553(f))

## III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level:   43
Criminal History:      I
Imprisonment Range:    LIFE
Supervised Release:    5 years
Fine Range             $50,000 to $10,000,000

☒ Fine waived or below the guideline range because of inability to pay.

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Case 1:16-cr-00300-TSE Document 44 Filed 11/30/18 Page 8 of 10 PageID# 154
Statement of Reasons – Page 2

| Defendant's Name: | NUNEZ, DAMASO LOPEZ |
|---|---|
| Case Number: | 1:16-CR-00300-TSE-1 |

# STATEMENT OF REASONS

**IV ADVISORY GUIDELINE SENTENCING DETERMINATION (Check only one.)**

A. ☒ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B. ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.

C. ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

D. ☐ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES (If applicable.)**

A. **The sentence imposed departs (Check only one.):**
   ☐ below the advisory guideline range
   ☐ above the advisory guideline range

B. **Departure based on (Check all that apply.):**

   1 **Plea Agreement (Check all that apply and check reason(s) below.):**
      ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
      ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
      ☐ binding plea agreement for departure accepted by the court
      ☐ plea agreement for departure, which the court finds to be reasonable
      ☐ plea agreement that states that the government will not oppose a defense departure motion

   2 **Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):**
      ☐ 5K1.1 government motion based on the defendant's substantial assistance
      ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" Program
      ☐ government motion for departure
      ☐ defense motion for departure to which the government did not object
      ☐ defense motion for departure to which the government objected

   3 **Other**
      ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C. **Reason(s) for Departure (Check all that apply other than 5K1.1 or 5K3.1)**

| | | |
|---|---|---|
| ☐ 4A1.3 Criminal History In Adequacy | ☐ 5K2.1 Death | ☐ 5K2.11 Lesser Harm |
| ☐ 5H1.1 Age | ☐ 5K2.2 Physical Injury | ☐ 5K2.12 Coercion and Duress |
| ☐ 5H1.2 Education and Vocational Skills | ☐ 5K2.3 Extreme Psychological Injury | ☐ 5K2.13 Diminished Capacity |
| ☐ 5H1.3 Mental and Emotional Condition | ☐ 5K2.4 Abduction or Unlawful Restraint | ☐ 5K2.14 Public Welfare |
| ☐ 5H1.4 Physical Condition | ☐ 5K2.5 Property Damage or Loss | ☐ 5K2.16 Voluntary Disclosure of Offense |
| ☐ 5H1.5 Employment Record | ☐ 5K2.6 Weapon or Dangerous Weapon | ☐ 5K2.17 High-Capacity Semiautomatic Weapon |
| ☐ 5H1.6 Family Ties and Responsibilities | ☐ 5K2.7 Disruption of Government Function | ☐ 5K2.18 Violent Street Gang |
| ☐ 5H1.11 Military Record, Charitable Services, Good Works | ☐ 5K2.8 Extreme Conduct | ☐ 5K2.20 Aberrant Behavior |
| | ☐ 5K2.9 Criminal Purpose | ☐ 5K2.21 Dismissed and Uncharged Conduct |
| ☐ 5K2.0 Aggravating or Mitigating Circumstances | ☐ 5K2.10 Victim's Conduct | ☐ 5K2.22 Age or Health of Sex Offenders |
| | | ☐ 5K3.1 Early Disposition, "fast-track" Program |
| | | ☐ 5K2.23 Discharged Terms of Imprisonment |
| | | ☐ Other guideline basis (e.g., 2B1.1 commentary) |

D. **Explain the facts justifying the departure. (Use page 4 if necessary.)**

| | |
|---|---|
| Defendant's Name: | NUNEZ, DAMASO LOPEZ |
| Case Number: | 1:16-CR-00300-TSE-1 |

# STATEMENT OF REASONS

## VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM
(Check all that apply.)

A. **The sentence imposed is (Check only one.):**
- ☐ below the advisory guideline range
- ☐ above the advisory guideline range

B. **Sentence imposed pursuant to (Check all that apply.):**

1 **Plea Agreement (Check all that apply and check reason(s) below.):**
- ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
- ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
- ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2 **Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):**
- ☐ government motion for a sentence outside of the advisory guideline system
- ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object.
- ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3 **Other**
- ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C. **Reason(s) for Sentence Outside the Advisory Guideline System (Check all that apply.)**

- ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
- ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C § 3553(a)(2)(A))
- ☐ to afford adequate deterrence to criminal conduct (18 U.S.C § 3553(a)(2)(B))
- ☐ to protect the public from further crimes of the defendant (18 U.S.C § 3553(a)(2)(c))
- ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C § 3553(a)(2)(D))
- ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C § 3553(a)(6))
- ☐ to provide restitution to any victims of the offense (18 U.S.C § 3553(a)(7))

D. **Explain the facts justifying a sentence outside the advisory guideline system. (Use page 4 if necessary.)**

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Statement of Reasons – Page 4
Case 1:16-cr-00300-TSE Document 44 Filed 11/30/18 Page 10 of 10 PageID# 156

| | |
|---|---|
| Defendant's Name: | NUNEZ, DAMASO LOPEZ |
| Case Number: | 1:16-CR-00300-TSE-1 |

# STATEMENT OF REASONS

### VII  COURT DETERMINATIONS OF RESTITUTION

A. ☒ Restitution not applicable.
B. Total Amount of Restitution: $
C. Restitution not ordered (Check only one.):
    1. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).
    2. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).
    3. ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).
    4. ☐ Restitution is not ordered for other reasons:
D. ☐ Partial restitution is ordered under 18 U.S.C. § 3553(c) for these reasons:

### VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)


Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.
Date of Imposition of Judgment: November 30, 2018